UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TONIAS LEVEE LANDING INC**             **CASE NO.  6:21-CV-00266**

**VERSUS**                               **JUDGE ROBERT R. SUMMERHAYS**

**COLONY INSURANCE CO**                  **MAGISTRATE JUDGE PATRICK J. HANNA**

### REPORT AND RECOMMENDATION

Pending before the court is the motion to remand (Rec. Doc. 9), which was filed by the plaintiff, Tonia's Levee Landing, Inc. d/b/a White Tails Bar & Grill. The motion is opposed. (Rec. Doc. 14).  The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be DENIED.

### Background

This suit arises out of the various statewide enactments by Louisiana's Governor in response to the global coronavirus pandemic.  Plaintiff operates a bar and grill located in St. Landry Parish, Louisiana.  Plaintiff asserts that, by virtue of Proclamation No. 33 JBE 2020, issued March 16, 2020, it was forced to close its

premises for a period of time in order to comply with the State of Louisiana's coronavirus protocol. (Rec. Doc. 1-3 at ¶¶ 21-22).

This lawsuit was originally filed in the 27th Judicial District Court, St. Landry Parish, Louisiana. Plaintiff's original petition for damages alleges that defendant Colony Insurance Company ("Colony") acted in bad faith when it denied plaintiff's claim for loss of business income under the "all risk" policy issued by Colony in favor of plaintiff. (Rec. Doc. 1-3 at ¶¶ 4,7, 25). Plaintiff claims that it "has lost, and continues to lose, business income" as a result of a state-wide order closing and then limiting capacity in all bars, casinos, fitness facilities and movie theaters completely due to the coronavirus pandemic. (*Id.* at ¶¶ 21-22, pp.10-11).

Plaintiff claims direct physical loss of use its property, as well as direct physical damage to its business premises caused by the coronavirus and the statewide order directing restaurant closures. Plaintiff's petition seeks declaratory judgment declaring coverage under the policy for plaintiff's loss of business income, as well as

> for the full amount of plaintiff's loss of business income and extra expense, together with legal interest thereon from the date of judicial demand until paid, bad faith damages under La. R.S. 22:1973 and attorneys' fees and costs. (Rec. Doc. 1-3 at p. 11).

2

Approximately one month after plaintiff filed its petition in state court, Colony removed the case to this court, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff subsequently filed the instant motion to remand, challenging the amount in controversy in this case. The law and argument advanced by the parties is discussed below.

## Law and Analysis

### A. Applicable Legal Principles

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] A defendant may remove "any civil action brought in a State court of which the district courts of the United

---

[1] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

3

States have original jurisdiction."[4] When removal jurisdiction is based on diversity jurisdiction, the jurisdictional facts supporting both diversity of citizenship and the amount in controversy are judged as of the time of the complaint is filed.[5]

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[6] Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[7] The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[8] Thus, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[9]

When, as here, relevant state law does not permit a plaintiff to allege a specific sum of damages, the court must assess the petition to determine whether, on the

---

[4] 28 U.S.C. § 1441(a).

[5] *St. Paul Reinsurance Co., Ltd. v. Greenburg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

[6] *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[7] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[8] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d at 1253; *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[9] *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

petition's face, it is "facially apparent" that plaintiff's claims exceed the jurisdictional amount.[10] If it is not apparent, the court may consider summary judgment-type evidence to determine the amount in controversy.[11]

**B.** **Jurisdiction is not "facially apparent" on the petition**

Plaintiff's petition claims coverage under the policy of insurance at issue for its business income loss and seeks coverage for the "full amount of its loss" as well as for "extra expense, […] legal interest thereon and bad faith damages under La. R.S. 22:1973 and attorneys' fees and costs." (Rec. Doc. 1-3 at p. 11). At Section III, paragraph 8, plaintiff's petition admits that the policy limit for type of loss at the claimed here is $30,000. (*Id.* at p. 5). Plaintiff alleges Colony acted in bad faith, by coverage under the terms of the policy, resulting in unspecified damages. (*Id.* at p. 8).

La. R.S. 22:1973 imposes upon insurers a duty of good faith and fair dealing and requires that insurers make a reasonable effort to settle claims fairly and promptly.[12] An insurer who breaches this duty is subject to penalties equal to twice

---

[10] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); La. C.C.P. Art. 893.

[11] *Id.*

[12] La. R.S. 22:1973(A)-(B).

5

the damages sustained or five thousand dollars, whichever is greater.[13] The "damages sustained" referred to in this statute are those consequential damages caused by an insurer's bad faith breach of duty.[14] Section 1973 provides a maximum penalty of $5000 when no proof of damages is shown, but requires proof of consequential damages for any additional award of penalties.[15] Attorney fees are not available under § 1973.[16]

La. R.S. 22:1892 imposes a penalty in the amount of fifty percent of the insured's contractual damages found to be due or $1000, whichever is greater, plus costs and reasonable attorneys' fees when an insurer is found to arbitrarily pay a claim due within thirty (30) days of receipt of plaintiff's proof of loss.[17] Fifth Circuit jurisprudence instructs that failure to prove actual damages stemming from an insurer's bad faith breach of duty under §1892 precludes the imposition of penalties, even at the statutory $1000 minimum.[18]

---

[13]    La. R.S. 22:1973(C).

[14]    *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71 (La. 2011).

[15]    *Anco Insulations, Inc. v. National Union Fire Ins. Co. of Pittsburg, Pa.*, 787 F.3d 276, 287-88, (5th Cir. 2015) (internal citations omitted).

[16]    *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La. 2000).

[17]    *Durio v. Horace Mann Ins. Co.*, 74 So.3d at 1170.

[18]    *Anco Insulations, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 74 So.3d at 288.

Returning to plaintiff's petition, the scope of plaintiff's claims is unclear. Plaintiff asserts a claim for the policy limit of $30,000 in lost business income, as well as for bad faith damages under La. R.S. 22:1973. Having specified no actual damages, this court assumes that the statutory minimum of $5000 will be applied. Plaintiff also claims attorneys' fees. If, as argued by Colony, these fees are to be calculated at 35%,[19] plaintiff's claim reaches a total value of $47,250, exclusive of legal interest and costs.[20]

As explained above, however, attorneys' fees are not available under Section 1973, specifically pled by plaintiff. This relief is available under Section 1892, even when penalties are awarded under Section 1973.[21] Even if this court were to construe plaintiff's petition as one seeking penalties under Section 1892 by virtue of its vague reference to relief only available under that statute, such penalties would not raise the value of this claim to meet the jurisdictional amount. As discussed, plaintiff offers no evidence of actual damages stemming from Colony's alleged bad faith breach of duty in this case. Were we to assume that such evidence would be offered,

---

[19]   Rec. Doc. 14 at p. 14.

[20]   28 U.S.C. § 1332(a) (specifying that the jurisdictional amount shall be calculated "…exclusive of interest and costs…").

[21]   *Calogero v. Safeway*, 753 So.2d at 174.

the value of the penalties to be imposed under Section 1892 would be $15,000, constituting half of the contractual damages at issue in the case. Taken together with the previously considered policy limits and 35% attorneys' fees, the imposition of penalties under Section 1892 would raise the value of plaintiff's claim to approximately $60,750, which still does not meet the jurisdictional threshold.

Having explicated plaintiff's petition, this court concludes that the existence of federal jurisdiction under 28 U.S.C. §1332 is not "facially apparent." Accordingly, we will review summary judgment-type evidence submitted in conjunction with the instant motion in order to further consider the jurisdictional question before us.[22]

## C. Additional Evidence

Colony submits what it refers to as plaintiff's "demand letter" dated June 10, 2020 as evidence of plaintiff's pre-removal valuation of its own claim.[23] Fifth Circuit jurisprudence allows for consideration of, *inter alia*, pre-suit demand letters in assessing the value of claims when a district courts must resort to summary judgment-style evidence beyond the petition to determine the amount in

---

[22] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000) (internal citations omitted).

[23] Rec. Doc. 14-3.

controversy.[24] This court does not find the June 10th demand letter informative as to valuation in this case, since no dollar amounts are cited and no specific consequential damages are detailed. Plaintiff's counsel does cite both La. R.S. 22:1973 and 1892 but, as explained above, neither statutory provision would, if applied, impact the value of plaintiff's claim in a meaningful way based on the undisputed policy limits at issue.

Colony also submits correspondence by Brooke Sursa ("Sursa") with Sedgwick, a third-party adjuster employed by Colony to investigate plaintiff's claim.[25] Sursa spoke with a representative of plaintiff on or about April 21, 2020, during which plaintiff's representative estimated the lost business income to be approximately $66,000 monthly. Plaintiff also reported continued monthly overhead expenses of approximately $4800 for rent and utilities, plus approximately $750 per month in losses of perishable food items.[26] Colony asserts that Sedgwick's May 13, 2020 correspondence is admissible evidence of the amount in controversy, demonstrating that plaintiff's claim is worth far more than the jurisdictional threshold.

---

[24] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d at 1254-55.

[25] Rec. Doc. 14-2.

[26] *Id.*

9

This court agrees that the letter in question should be considered and is probative as to the value to plaintiff's claims in this case. It does represent, in this court's assessment, plaintiff's earnest, pre-removal impression of its losses. However, in this case neither party disputes that the policy of insurance under which it seeks coverage features a policy limit of $30,000. Fifth Circuit jurisprudence clearly instructs that, in cases where the legal issue is the application of an insurance policy to a set of facts, rather than an attempt to void an entire insurance policy, the amount in controversy is governed not by the policy limits, but by the value of the underlying claim.[27]

Returning again to the petition itself, plaintiff acknowledges the operative $30,000 policy limit, but in its prayer seeks a declaratory judgment "…for the full amount of Plaintiff's loss of business income and extra expense…"[28] Based on plaintiff's estimated monthly lost business income beginning in March of 2020 as reported to Colony's adjuster, which included $66,000 in lost profits, plus costs for lost perishable items, rent and utilities, this Court finds that the jurisdictional amount is met.

---

[27] *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) citing *Payne v. State Farm Mut. Auto Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959).

[28] Rec. Doc. 1-3 at p. 11.

Considering this Court's conclusion that jurisdiction is established in this case, it is also the finding of this Court that plaintiff's incorporated motion for attorneys' fees and costs necessitated by Colony's removal of this case should be denied. (Rec. Doc. 9-1 at p. 6).

## **Conclusion**

For the reasons explained above, this Court finds that the removing party satisfies its burden of demonstrating the federal subject matter jurisdiction in this case under 28 U.S.C. 1332(a). Accordingly, it is this Court's recommendation that the motion to remand filed by plaintiff (Rec. Doc. 9) be DENIED in all respects, including, specifically, as to plaintiff's incorporated motion for attorneys' fees and costs associated with removal.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[29]

      Signed at Lafayette, Louisiana, this 30th day of April 2021.

                                                          _____
                                                          PATRICK J. HANNA
                                                          UNITED STATES MAGISTRATE JUDGE

---

[29]    See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).