UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TONIA'S LEVEE LANDING, INC.**        CASE NO. 6:21-CV-00266

**VERSUS**                              JUDGE ROBERT R. SUMMERHAYS

**COLONY INSURANCE CO.**                MAG. JUDGE PATRICK J. HANNA

## RULING

Before the Court is a Report and Recommendation ("R&R") from the Magistrate Judge addressing the Motion to Remand filed by Plaintiff Tonia's Levee Landing, Inc. [ECF No. 22]. The Magistrate Judge recommends the Court deny the motion. *Id.* Plaintiff objects to the recommendation [ECF Nos. 24, 27], and Defendant Colony Insurance Company has responded to Plaintiff's objections [ECF Nos. 26, 28]. For the reasons set forth below, the Court DECLINES to adopt the Magistrate Judge's recommended disposition of the motion, but ADOPTS the portion of the report entitled "Background," as well as sections "A" and "B" of the "Law and Analysis" portion. [ECF No. 22 at 1-8].

In the R&R, the Magistrate Judge first reviewed the petition and found it was not facially apparent that Plaintiff's claims exceed the jurisdictional amount. [ECF No. 22 at 8]. Accordingly, he then reviewed the "summary-judgment type evidence" submitted in conjunction with the motion to determine whether diversity jurisdiction is present. *Id.* Ultimately, the Magistrate Judge found correspondence to Plaintiff from a third-party adjustor employed by Colony establishes that Plaintiff's claim exceeds the jurisdictional threshold. *Id.* at 9-10. In support of this conclusion, the Magistrate Judge states:

> Fifth Circuit jurisprudence clearly instructs that, in cases where the legal issue is
> the application of an insurance policy to a set of facts, rather than an attempt to void

an entire insurance policy, the amount in controversy is governed not by the policy limits, but by the value of the underlying claim.

*Id.* at 10 (citing *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)). In this matter, the insurance policy provides coverage of only $30,000 for loss of business income. [ECF No. 1-3 at 5]. However, because Plaintiff's prayer seeks an award of "the full amount of Plaintiff's loss of business income and extra expense," as well as "bad faith damages under La. R.S. 22:1973" and attorneys' fees, the Magistrate Judge found the value of the underlying claim was in excess of the jurisdictional threshold.[1]

While the Court finds the Magistrate Judge correctly stated the holding of *Hartford*, there is an exception to that rule which compels a different result under the facts of this case. Specifically, where a claim exceeds policy limits, the policy limits are the measure for determining whether the amount in controversy requirement is satisfied. *See e.g. Payne v. State Farm Mut. Auto Ins. Co.*, 266 F.2d 63, 65 (5th Cir. 1959) (holding that the jurisdictional amount was controlled by the limitation of liability set forth in the policy and not by the larger amount of damages where plaintiff's claim exceeded policy limits). "In other words, if an insurance policy limits the insurer's liability to a sum below the jurisdictional threshold, the fact that a claimant wants more money does not increase the amount in controversy." *Hartford*, 293 F.3d at 911; *see also Roy v. Progressive Premier Ins. Co. of Illinois*, CV 20-857, 2020 WL 2092901, at *3 (E.D. La. May 1, 2020); *Milner v. Farmers Ins. Co. of Oregon*, CV 16-6754, 2016 WL 7473851, at *3 (E.D. La. Dec. 29, 2016). Defendant suggests that this rule does not apply because Plaintiff has asserted a request for declaratory relief "for the full amount of Plaintiff's loss of business income

---

[1] The Magistrate Judge found Plaintiff's claim exceeds the jurisdictional threshold in light of a letter from Defendant's third-party adjustor to Plaintiff, summarizing a conversation the adjustor had with a representative for the Plaintiff. [ECF No. 22 at 9]. The letter states that Plaintiff's representative told the adjustor that Plaintiff was claiming a loss of income in the amount of approximately $66,000 per month, along with various other damages. *Id.*; *see also* ECF No. 14-2.

and extra expenses," and this amount exceeds the policy limits. Again, this argument does not reflect Fifth Circuit jurisprudence. "The amount in controversy, in an action for declaratory or injunctive relief, is the **value of the right to be protected** or the **extent of the injury to be prevented**." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) (emphasis added); *see also Allstate Ins. Co. v. Hilbun*, 692 F.Supp. 698, 700 (S.D. Miss. 1988) ("In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation."). When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, "the 'object of the litigation' is the policy and the 'value of the right to be protected' is plaintiff's potential liability under that policy." *Hilbun*, 692 F.Supp. at 700 (quoting *Leininger*, 705 F.2d at 729) Here, Defendant cannot be liable for damages beyond the policy limits plus potential attorney's fees, penalties and statutory damages. At most, that amount totals $47,500 according to the R&R and is the "value of the right to be protected."

In this matter the insurance policy limits the insurer's liability for lost business income to $30,000. [ECF No. 1-3 at 5, ¶ 8]. As found by the Magistrate Judge, even with the addition of statutory penalties and attorneys' fees to the policy limit of $30,000, this claim is far below the jurisdictional threshold. [ECF No. 22 at 7]. Accordingly, the Court finds jurisdiction does not exist in this matter, and therefore Plaintiff's Motion to Remand [ECF No. 9] is GRANTED.

THUS DONE in Chambers on this 8th day of July, 2021.

                                                  ROBERT R. SUMMERHAYS
                                        UNITED STATES DISTRICT JUDGE